UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JENIFER L. BOWKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:24-cv-163 |
| v. | ) | |
| | ) | |
| FRANK BISIGNANO,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the First Motion for Attorney Fees pursuant to 42 U.S.C.

§ 406(b) [DE 27] filed by Matthew F. Richter, counsel for the plaintiff, Jenifer L. Bowker, on

April 28, 2026. Defendant filed a Response [DE 29] indicating that the Agency neither agreed nor

disagreed that Plaintiff's counsel should be awarded fees pursuant to Section 406(b). For the

following reasons, the Motion [DE 27] is **GRANTED**.

*Background*

Plaintiff Jenifer L. Bowker filed an application for disability insurance benefits on June

18, 2021, alleging a disability onset date of May 2, 2021. [DE 28]. The claim was initially denied

on March 4, 2022 and upon reconsideration on July 28, 2022. *Id.* The Agency entered an

unfavorable decision on April 10, 2023. *Id.* Plaintiff challenged the Administrative Law Judge's

---

[1] Frank Bisignano was confirmed as Commissioner on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

decision by filing a Request for Review with the Appeals Council. *Id.* The Appeals Council issued its decision denying Plaintiff's request for review on February 20, 2024, making the Administrative Law Judge's decision the final Agency decision. *Id.* Plaintiff initiated civil action in this court for judicial review of the denial of her application for benefits on April 24, 2024. [DE 1].

The Commissioner filed an unopposed Motion to Remand [DE 21], and the court reversed and remanded the decision of the Commissioner on January 8, 2026. [DE 22]. Following this court's remand, an Administrative Law Judge approved Plaintiff's claim for benefits. [DE 28-2]. The Social Security Administration issued a Notice of Award letter dated January 28, 2026. [DE 28-3]. Plaintiff was awarded past-due benefits in the amount of $63,844.00. [DE 28]. Plaintiff agreed to pay Attorney Richter 25% of all past-due benefits awarded to him and any beneficiaries by the Administration. [DE 28-1].

Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") in April of 2025. [DE 24]. The Commissioner filed a Response [DE 25] stating that there was no objection. On April 24, 2025, the court granted the request and awarded Plaintiff $2,035.50 for attorney fees in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412. [DE 26].

Attorney Richter asks the court to authorize an award of attorney fees in the total amount of $15,961.00 pursuant to 42 U.S.C. § 406(b). The motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the court, *see* 42

U.S.C. § 406(b). *See Culbertson v. Berryhill*, 586 U.S. 53, 56 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Gisbrecht,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the amount of time an attorney has spent on a case is excessive in comparison to the past-due benefits. *Gisbrecht,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Richter requests an attorney fee in the amount of $15,961.00 and contends that the requested fee award is reasonable for the 9.2 hours of legal work he spent representing Plaintiff in federal court. [DE 28]. Attorney Richter's total requested fee amounts to an hourly rate of $1,734.89 for attorney time. This calculated rate is within the bounds of reasonableness in this district, especially considering that these cases are taken on a contingent fee basis. *See Demonja v. O'Malley*, 2:21-CV-305 (N.D. Ind. Apr. 2, 2024) (awarding a fee equating to $4,821.65 per hour); *Narug v. Comm'r of Soc. Sec.*, 2:19-CV-490 (N.D. Ind. Aug. 19, 2022) (awarding fee equating to $1,750.00 per hour). Furthermore, there is no indication of delay in this case. Accordingly, the court finds that the requested fee is reasonable.

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee or subtract it from the total fees awarded under § 406(b).

*Gisbrecht,* 535 U.S. at 789; *Lugar v. Comm'r of Soc. Sec.*, 1:22-CV-115-JD, 2024 WL 3518612, at *1 (N.D. Ind. July 22, 2024). Attorney Richter has acknowledged that Plaintiff is entitled to a refund of the $2,035.50 EAJA award that he received. [DE 28].

Based on the foregoing reasons, the court **GRANTS** the Motion [DE 27] and **AWARDS** fees to Attorney Matthew F. Richter in the total amount of $15,961.00. The court **ORDERS** Attorney Richter to refund the plaintiff, Jenifer L. Bowker, the total amount of the previously awarded EAJA fees, $2,035.50, upon receipt of the§ 406(b) fees awarded by the court.

ENTERED this 17th day of June, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge